# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re<br><br>David S. Osgood<br>& Elaine L. Osgood,<br><br>Debtors | Case No. 13-10635<br><br>Chapter 12 |

### ORDER GRANTING IN PART FOURTH INTERIM FEE APPLICATION OF MOLLEUR LAW OFFICE

James F. Molleur, Esq., filed the Fourth Interim Application of Molleur Law Office for Compensation of Legal Services [Dkt. No. 80] (the "Fee Application"). Notice of the hearing to consider the Fee Application was provided in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. In the absence of timely objections or other responses to the Fee Application, the Court has reviewed the Fee Application and the docket in this chapter 12 case.

Based upon this review, and under the factors set forth in 11 U.S.C. § 330(a)(3), the Court grants the Fee Application in part, but awards compensation less than that requested. *See* 11 U.S.C. § 330(a)(2). The Court disallows compensation for the work that Molleur Law Office undertook in December 2016 and January 2017 to amend the order allowing and disallowing claims. That work was necessitated by a mathematical error that counsel made in the original form of order on the motion to allow and disallow claims. *See* [Dkt. No. 70]. It is not appropriate to charge the estate for work necessitated by counsel's errors. Accordingly, the Court disallows compensation for the following services shown on the billing detail supporting the Fee Application:

- Compensation for the 0.2 hours ($23.00) billed by Ms. Laverriere on December 9, 2016 for revising the order allowing and disallowing claims ("OADC");

- Compensation for the 0.1 hour ($11.50) billed by Ms. Laverriere on December 9, 2016 for emailing the debtors regarding the motion to amend the OADC;

- Compensation for the 0.2 hours ($23.00) billed by Ms. Laverriere on December 15, 2016 for reviewing the signed motion to amend the OADC;

- Compensation for the 1.6 hours ($184.00) billed by Ms. Lavierriere on January 12, 2017 for reviewing an email regarding the motion to amend the OADC;

- Compensation for the 0.2 hours ($66.00) billed by Attorney Molleur on January 12, 2017 for reviewing an email regarding the motion to amend the OADC;

- Compensation for the 0.2 hours ($23.00) billed by Ms. Laverriere on January 12, 2017 for revising the form of order on the OADC; and

- Compensation for the 0.1 hour ($11.50) billed by Ms. Laverriere on January 20, 2017 for reviewing the order granting the motion to amend the OADC.

The sum of the foregoing fees disallowed is $342.00. Molleur Law Office has already voluntarily discounted its fees on this Fee Application by $99.85. The Court takes this voluntary discount into consideration, and reduces counsel's request by the difference between $342.00 and $99.85, or $242.15.

Molleur Law Office is therefore awarded $780.00 ($1,022.15 less $242.15) in fees as reasonable compensation for actual, necessary services rendered between December 9, 2016 and August 16, 2017, and $138.45 as reimbursement for actual, necessary expenses, for a total award of $918.45. This award is made under 11 U.S.C. § 331, and is subject to revision on a final fee application by Molleur Law Office in this

case. Moreover, to the extent that the trustee pays all or a part of the fees and expenses awarded by this order, such payment is subject to disgorgement by Molleur Law Office if the amount of fees and expenses ultimately allowed under 11 U.S.C. § 330 exceeds the amount of the trustee's payment.

Date: September 21, 2017

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine